UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samuel J. Smolen-Jr.

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

1- SGT. Andrew Nevins ①
2- C.O. Vincent Tyre ②
3- C.O. John Doe ③
4- C.O. Janson T. Diggins ⑥
5- Ms. Harrison- O.R.C. ④
- Capt. K. Laporto ⑤
- Ms. Quaniera Quick- I.G.R.C. Supervisor ⑦
- Supt. Michael A. Capra ⑧
- Karen Bellamy - C.O.R.C. ⑨
- Mark Royce - D.S.S. ⑩

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

Defendants Continued on Attached Pages

RECEIVED SEP 29 2017 U.S.D.C. W.P.

17CV 7494

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes ☐ No
(check one)

I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name Samuel J. Smolen-Jr.
ID # 85A4082
Current Institution Sing-Sing C.F.
Address 354 Hunter Street
Ossining- N.Y. 10562

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1  Name Former Sergeant-Now Lt. Andrew Nevins  Shield # 2
Where Currently Employed Edgecombe C.F.
Address 611 Edgecombe Avenue
New York- N.Y. 10032-4398

*Rev. 05/2010*

1

UNITED STATES DISTRICT COURT    COMPLAINT
SOUTHERN DISTRICT OF NEW YORK    CON'T

SAMUEL J. SMOLEN-JR.
-AGAINST-
#11  MS. SHERRY IZQUERDO O.R.C.
#12  DONALD VENNETTOZZI - DIR-SPECIAL HOUSING

Defendant No. 2    Name C.O. VINCENT TYRE    Shield # ?
Where Currently Employed DOWNSTATE C.F.
Address 121 RedSchoolHouse Road - P.O. Box 445
FISHKILL-N.Y. 12524-0445

Defendant No. 3    Name JOHN DOE    Shield # —
Where Currently Employed SING-SING C.F.
Address 354 HUNTER STREET
OSSINING-N.Y. 10562

Defendant No. 4    Name MS. HARRISON SR.O.R.C.    Shield # —
Where Currently Employed N.Y.S. DEPT. OF CORRECTIONS AND
Address COMMUNITY SUPERVISION STATE CAMPUS
Bldg. #2 - ALBANY-N.Y. 12226

Defendant No. 5    Name CAPT. K. LAPORTO    Shield # —
Where Currently Employed RETIRED
Address N.Y.S. DEPT. OF CORRECTIONS AND COMMUNITY
SUPERVISION - STATE CAMPUS - Bldg. #2
ALBANY-N.Y. 12226

II.   **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?
SING-SING C.F.

B.   Where in the institution did the events giving rise to your claim(s) occur?
HOUSING BLOCK "C" DURING A MOVE FROM HBC-125 UPSTAIRS TO HBC 4-230 - ALSO WHERE MY GRIEVANCES AND COMPLAINTS WERE FILED

C.   What date and approximate time did the events giving rise to your claim(s) occur?
9-23-14 10:30 A.M. - ALSO EVERY MONTH SINCE 9-23-14 A MONTHLY REVIEW OF MY IPC STATUS WAS SUPPOSED TO HAVE TAKEN PLACE AND A COPY OF THAT REVIEW COMMITTEE GIVEN TO ME. THIS WAS NOT DONE DENYING ME DUE PROCESS.

DEFENDANTS CON'T

#6 C.O. JAYSON T. DUGGINS
SING-SING C.F. 354 HUNTER STREET
OSSINING- N.Y. 1056

#7 MS. GUANDERA QUICK- I.G.R.C. SUPV.
SING-SING C.F. 354 HUNTER STREET
OSSINING- N.Y. 10562

#8 MICHAEL A. CAPRA- SUPT.
SING-SING C.F. 354 HUNTER STREET
OSSINING- N.Y. 10562

#9 MS. KAREN BELLAMY- DIRECTOR C.O.R.C.
N.Y.S. DEPT. OF CORRECTIONS AND COMMUNITY
SUPERVISION- STATE CAMPUS- BLDG. #2
ALBANY- N.Y. 12226

#10 MARK ROYCE- DEPUTY SUPT. FOR SECURITY
SING-SING C.F. 354 HUNTER STREET
OSSINING- N.Y. 10562

#11 MS. SHERRY IZQUERDO- O.R.C.
SING-SING C.F. 354 HUNTER STREET
OSSINING- N.Y. 10562



DEFENDANTS CON'T

#12 Donald Vennettozzi - Director Special Housing
N.Y.S. Dept. of Corrections and Community
Supervision - State Campus Bldg. #2
Albany - N.Y. 12226

(2B)

# CLAIM #1

**D. Facts:** I was purposely moved from HBC 01-125 to HBC 4-230 Involuntary Protective Custody. I was placed in I.P.C. on 9-23-14 in retaliation for my complaints and grievances against the gross negligence and mismanagement of HBC - specifically by Sgt. Andrew Nevins, at that time he was the HBC Sgt. for Tour II - 7AM to 3 P.M. I was suppose to be moved to General Population on 9-23-14 not to I.P.C. My placement in I.P.C. and my continued housing in IPC was and is in violation of my federal constitutional rights and New York State Constitutional rights - as well as my rights accorded to me under the Policies and Procedures - Rules and Regulations of the New York State Dept. of Correction and Community Supervision. My federal constitutional rights that were and continue to be violated are: (1) Freedom of speech - to file written complaints and grievances - without being subjected to acts of retaliation - such as my placement in I.P.C., (2) my due process rights to a fair hearing on my placement in I.P.C., a fair Supt's review of the I.P.C. hearing and a fair review of my I.P.C. hearing by N.Y.S. D.O.C.C.S. officials

**III. Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

My injuries were mental and emotional over the loss of my bag of legal property - my placement in I.P.C. - my denial of due process - the violation of my federal constitutional rights - including being subjected to cruel and unusual punishment. The conditions of my confinement in I.P.C. are attached.

**IV. Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?
Yes ✓    No

## III. INJURIES CON'T

The conditions of my confinement in involuntary protective custody are the following:

1. Denial-access [direct] to the law library
2. Denial-direct access to the general library
3. Denial-of educational and vocational programs
4. Denial-attendance at religious services and religious events - retreat - festivals etc...
5. Denial of prison employment
6. Denial of access to the gym
7. Denial of access to general population yard
8. Denial of access to exercise equipment - free weights - universal machine - heavy bag, hand ball court - basketball court - baseball field - soccer field
9. Direct access to a bathroom during outdoor recreation - which is in a cage for one hour
10. Limited out of cell recreation @ 2½ hrs daily
11. Restricted - limited social interaction with other inmates from other housing areas
12. Continued confinement in I.P.C. for the last three years. No transfer to another facility.

These conditions constitute cruel and unusual punishment.

3A

CLAIM #1 CON'T

DURING MY MOVE TO I.P.C. ONE OF MY PROPERTY BAGS WAS LEFT ON GALLERY 01 AND 02 IN FRONT OF THE OFFICER'S STATION [BUBBLE] WHILE I TOOK ONE OF MY BAGS UPSTAIRS TO 04 GALLERY. SGT. ANDREW NEVINS WAS LEFT STANDING NEXT TO THAT BAG ON 01 AND 02 GALLERY. WHEN I TRIED TO GO BACK DOWN TO 01 AND 02 GALLERIES I WAS PREVENTED FROM DOING SO BY C.O. VINCENT E. TYRE. SGT. ANDREW NEVINS ALSO MADE NO ATTEMPT TO GIVE ME THAT BAG. THAT BAG CONTAINED YEARS OF RESEARCH [LEGAL] - LEGAL documents - AND LEGAL CORRESPONDENCE. BOTH SGT. NEVINS AND C.O. TYRE ARE GUILTY OF STEALING AND DESTROYING MY LEGAL PROPERTY.

 THE JOHN DOE [C.O.] WORKING IN THE 01 AND 02 GALLERY BUBBLE-OBSERVED AND WAS AWARE-THAT MY BAG OF LEGAL PROPERTY REMAINED IN FRONT OF HIS BUBBLE. HE did NOTHING TO INSURE-THAT I BE GIVEN MY BAG OF LEGAL PROPERTY. HE TOO WAS GUILTY OF STEALING AND DESTROYING MY BAG OF LEGAL PROPERTY.

 C.O. JAYSON T. DUGGINS WAS THE 03 AND 04 GALLERY BUBBLE OFFICER AND WITNESSED AND OBSERVED MY TELLING C.O. TYRE THAT I STILL HAD A BAG OF MY LEGAL PROPERTY

3ØA CON'T

CLAIM #1 CON'T

DOWNSTAIRS ON 01 AND 02 GALLERIES. HE TOO MADE NO EFFORT TO INSURE THAT I RECEIVE MY BAG OF LEGAL PROPERTY.

THE STEALING AND DESTROYING OF MY BAG OF LEGAL PROPERTY BY SGT. NEVINS - C.O. TYRE - C.O. JOHN DOE AND C.O. JAYSON T. DUGGINS WAS AN ACT OF RETALIATION FOR MY GRIEVANCES AND COMPLAINTS AGAINST PRIMARILY SGT. NEVINS. THAT ILLEGAL ACT HAS OBSTRUCTED - DELAYED AND OR DENIED MY DIRECT ACCESS TO THE COURTS.

HOUSING BLOCK "C" [HBC] HAS VIDEO CAMERAS THAT RECORD BOTH VIDEO AND AUDIO. THOSE VIDEO CAMERAS ARE ON GALLERIES 01-02-03-AND 04-AS WELL AS THE CORRIDOR BETWEEN THE GALLERIES. I FILED A WRITTEN COMPLAINT WITH SUPT. CAPRA AND DEPUTY SUPT. MARK ROYCE - TO INVESTIGATE THE THEFT OF MY BAG OF LEGAL PROPERTY AND TO PRESERVE THE VIDEO/ VOICE RECORDING CAMERAS. I WROTE TO BOTH OF THEM ON 9-23-2014 THE DAY MY BAG OF LEGAL PROPERTY WAS STOLEN. NEITHER ONE RESPONDED TO MY COMPLAINT AND NO INVESTIGATION TOOK PLACE. SUPT. CAPRA AND D.S.S. MARK ROYCE VIOLATED BY DUE PROCESS RIGHTS AS WELL AS MY RIGHTS ACCORDED TO ME UNDER THE POLICIES - PROCEDURES - RULES AND REGULATIONS

3. A CON'T

CLAIM I CON'T

OF THE N.Y.S.D.O.C.C.S., THEIR ACTIONS AND INACTIONS CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

SGT. NENINS AND CAPT. K. LAPORTO AUTHORIZING ME TO BE PLACED IN I.P.C. DENIED ME DUE PROCESS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

SUPT. CAPRA'S DENIAL OF MY ADMINISTRATIVE APPEAL OF MY I.P.C. HEARING DENIED ME DUE PROCESS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

MS. HARRISON SR. O.R.C. CONDUCTED MY I.P.C HEARING. SHE DENIED ALL OF MY INMATE WITNESSES AND STAFF WITNESSES. SHE DENIED ME DUE PROCESS. HER ACTIONS CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

DONALD VENNETTOZZI - DIRECTOR OF SPECIAL HOUSING FOR THE N.Y.S. D.O.C.C.S. DENIED ME DUE PROCESS AND HIS ACTIONS CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

MS. QUANDERA QUICK - I.G.R.C. SUPERVISOR DENIED ME DUE PROCESS BY REFUSING TO FILE MY GRIEVANCE ON THE THEFT AND DESTRUCTION OF MY BAG OF LEGAL PROPERTY. HER ACTION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

MS. KAREN BELLAMY - DIRECTOR OF C.O.R.C. N.Y.S.D.O.C.C.S. VIOLATED MY DUE PROCESS

3A

CLAIM #1 CON'T
RIGHTS BY NOT INVESTIGATING THE INTENTIONAL MISMANAGEMENT OF THE I.G.R.C. OFFICE HERE AT SING-SING C.F. BY MS. Q. QUICK I.G.R.C. SUPV.. HER ACTIONS TO NOT CONDUCT AN AUDIT OF AND INVESTIGATION INTO MY COMPLAINT DENIED ME DUE PROCESS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

Donald VENNETTO 2zi-DIRECTOR SPECIAL HOUSING NYS D.O.C.C.S. DENIED ME DUE PROCESS BY NOT INVESTIGATING MY COMPLAINTS ABOUT THE GROSS MISMANAGEMENT OF THE HBC UNIT AT SING-SING C.F. INCLUDING THE CONDITIONS OF THE UNIT AND THE ABUSES INFLICTED UPON INMATES - INCLUDING MYSELF BY STAFF AND OR OTHER INMATES, AS WELL AS MY BEING PLACED IN I.P.C.. HIS INACTIONS CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT UPON ME.

MS. SHERRY IZQUERDO-O.R.C.; D.S.S. MARK ROYCE AND SUPT. CAPRA VIOLATED AND CONTINUE TO VIOLATE MY DUE PROCESS RIGHTS BY FALSELY CLAIMING TO HOLD MONTHLY MEETINGS TO REVIEW MY I.P.C. STATUS WHEN NO SUCH MEETINGS TOOK PLACE. THEIR COLLECTION ACTIONS CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT UPON ME.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). SING-SING-C.F.

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

   Yes _X_   No ___   Do Not Know ___

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes _X_   No ___   Do Not Know ___

   If YES, which claim(s)? All claims

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

   Yes _X_   No ___

   If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   Yes ___   No _X_

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? SING-SING C.F.

   1. Which claim(s) in this complaint did you grieve? All

   2. What was the result, if any? I.G.R.C. Supv. Refused to file and also claimed she did not receive my grievances

   3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. I wrote first to the facility's Supt. Then to Central Office Review Committee I also filed a grievance on the corrupt mis-management of the IGRC office operations and Ms. Q. Quick again refused to file

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here: _____

   2. If you did not file a grievance but informed any officials of your claim, state who you informed,

Rev. 05/2010                                4

when and how, and their response, if any: _____

_____

_____

_____

_____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. THE I.G.R.C. SUPERVISOR MS. QUANDERA SUICK WAS A RECENT CORRECTION OFFICER HERE AT SING-SING C.F. PRIOR TO BECOMING THE I.G.R.C. SUPV. SHE HAS INTENTIONALLY OBSTRUCTED-DENIED AND OR DELAYED MY FILING OF GRIEVANCES GRIEVANCE APPEALS TO THE SUPT AND OR C.O.R.C.. IN MY 32 YEARS OF INCARCERATION AND HAVING FILED COUNTLESS GRIEVANCES I'VE NEVER BEFORE ENCOUNTERED A WILLFUL ATTEMPT TO DENY ME MY RIGHTS TO FILE GRIEVANCES AND APPEALS

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

I WILL PROVIDE THE COURT AT A LATER DATE OF MY ATTEMPTS TO FILE GRIEVANCES ON THESE ISSUES.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). ① FOR THE COURT TO FIND THAT THE PRISON LITIGATION REFORM ACT [PLRA] 42 U.S.C. § 1997E(A) IS UNCONSTITUTIONAL SINCE IT SINGLES OUT ONLY INMATES REQUIRING THEM TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BEFORE FILING A FEDERAL CIVIL RIGHTS LAWSUIT WHILE NON-INMATES ARE NOT REQUIRED TO DO SO. THE P.L.R.A. VIOLATES THE EQUAL PROTECTION AND DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION. THE N.Y.S. D.O.C.C.S AND ITS EMPLOYEES OBSTRUCT-DELAY AND OR DENY INMATES INCLUDING ME THE OPPORTUNITY TO COMPLY WITH THE P.L.R.A.? I WANT THE COURT TO ORDER THE U.S. JUSTICE DEPT TO CONDUCT AN INVESTIGATION INTO THE NYS D.O.C.C.S AND ITS EMPLOYEES ILLEGAL ACTS TO OBSTRUCT-DELAY AND OR DENY INMATES INCLUDING ME THE OPPORTUNITY TO COMPLY WITH P.L.R.A. ② COMPENSARY DAMAGES - I SEEK $50,000.00 U.S. DOLLARS AND $50,000.00 IN PUNITIVE DAMAGES FROM EACH DEFENDANT.

VI. Previous lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

On these claims

Yes _____ No ✓

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1. Parties to the previous lawsuit:

   Plaintiff ___N,A,___

   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____

   3. Docket or Index number _____

   4. Name of Judge assigned to your case _____

   5. Approximate date of filing lawsuit _____

   6. Is the case still pending? Yes ____ No ____

      If NO, give the approximate date of disposition _____

   7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

On other claims

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes ✓ No ____

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1. Parties to the previous lawsuit:

   Plaintiff __SAMUEL J. SMOLEN JR__

   Defendants __WESLEY ET AL__

   2. Court (if federal court, name the district; if state court, name the county) __U.S. DISTRICT COURT- SOUTHERN DISTRICT OF NEW YORK__

   3. Docket or Index number __16 CIV 2417 [KMK]__

   4. Name of Judge assigned to your case __HON: KENNETH M. KARAS__

   5. Approximate date of filing lawsuit __03-31-16__

   6. Is the case still pending? Yes ✓ No ____

      If NO, give the approximate date of disposition _____

   7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 08 day of SEPT., 20 17

Signature of Plaintiff  *Samuel J. Smolen, Jr*
Inmate Number  #85A4882
Institution Address  SING-SING C.F.
354 HUNTER STREET
OSSINING-N.Y.-10562

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 08TH day of SEPTEMBER, 20 17 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: *Samuel J. Smolen, Jr*

**SING SING CORRECTIONAL FACILITY**
354 HUNTER STREET
OSSINING, NEW YORK 10562

NAME: S. Smolen   DIN: 85A4082





U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ATTN: PRO-SE OFFICE
300 QUARROPAS STREET
WHITE PLAINS N.Y. 10601

RECEIVED SEP 29 2017 U.S.D.C. WP

Printed on Recycled Paper

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM
NAME: S. Smolen   DIN: 85A4082