UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SAMUEL J. SMOLEN,

                       Plaintiff,

      -against-

SGT. ANDREW NEVINS; C.O. VINCENT
TYRE; C.O. JOHN DOE; C.O. JAYSON T.
DUGGINS; MS. HARRISON; CAPT. K.
LAPORTO; MS. QUANDERA QUICK; SUPT.
MICHAEL A. CAPRA; KAREN BELLAMY;
MARK ROYCE; MS. SHERRY IZQUERDO;
and DONALD VENNETTOZZI,

                      Defendants.
---------------------------------------------------------x

**ORDER**

17 Civ. 7494 (VB)(JCM)

      Presently before this Court is Plaintiff Samuel J. Smolen's ("Plaintiff") second Application for the Court to Appoint Counsel. (Docket Nos. 59 and 65).[1] Plaintiff's first request for appointment of counsel was denied on August 14, 2018 by the Honorable Vincent L. Briccetti. (Docket No. 36). In his October 28, 2019 letter, Plaintiff argues that this Court should appoint counsel based on the "trials and tribulations" he has been put through by the State which has hindered his ability to effectively prosecute the case. (Docket No. 65 at 4). Plaintiff also references his September 6, 2019 request for counsel, where he primarily argued that the Court should appoint counsel because he became legally blind during the pendency of the case and, at that time, had not yet been provided with visual aids. (Docket No. 59).

      In civil matters, indigent plaintiffs do not have a constitutional right to counsel. *See Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). However, courts "may request an attorney to represent any person unable to afford counsel." 28

---

[1] The October 28, 2019 letter, (Docket No. 65), refers to Plaintiff's September 6, 2019 request for the appointment of counsel, (Docket No. 59).

U.S.C. § 1915(e)(1). The Court has "substantial discretion" in determining whether to grant such a request. *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quotations and citation omitted). In exercising this discretion, the Court must make two initial inquiries: (i) whether Plaintiff can afford counsel, and, if not, (ii) whether the merits of the case and Plaintiff's position "seem[] likely to be of substance." *Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir.1986)). Only after these initial findings may the Court "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61-62).

Upon review of the record, the Court notes that Plaintiff was granted leave to proceed *in forma pauperis*. (Docket No. 4). Therefore, Plaintiff has demonstrated that he is indigent and cannot afford counsel. Additionally, based on Judge Briccetti's January 28, 2019 Opinion and Order which denied in part a motion to dismiss that Plaintiff notably failed to oppose, the Court can conclude that the sole remaining claim – Plaintiff's procedural due process claim – may have merit. (Docket No. 41).

The Court has reviewed the entire record, including Plaintiff's prior application for appointment of counsel, (Docket No. 36 at 2–7), has considered the type and complexity of the case, the merits of Plaintiff's claims, and Plaintiff's ability to represent himself, as well as Plaintiff's legally blind status. Based on this review, the Court determines that no complex issues are involved, that Plaintiff has demonstrated his ability to represent himself, and that the appointment of counsel is not justified at this time. Plaintiff's September 6 and October 28, 2019 submissions fail to present sufficient facts from which this Court can infer that his legal blindness

has substantially limited his ability to prosecute the instant case. Moreover, Plaintiff acknowledges in his October 28, 2019 letter that he has now been provided with "all of the visual aids" that had been recommended, and was now in a "better position…[to] prosecute [his] claim." (Docket No. 65 at 2). While courts in some circumstances have appointed counsel where legally blind plaintiffs argued that they were unable to adequately represent themselves,[2] such circumstances are not present in the instant case at this time.

Accordingly, Plaintiff's application for appointment of counsel is **DENIED** with leave to renew should circumstances change. *See Ramey v. Dept. of Corrections*, No. 13 Civ. 17, 2013 WL 1867342, at *1-2 (S.D.N.Y. May 2, 2013).[3] The Clerk of the Court is respectfully requested to terminate the pending application. (Docket No. 65).

Dated: December 3, 2019
       White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge

---

[2] *See, e.g.*, *Medina v. Barrett*, 14-CV-6377 (FPG), 2016 WL 1271515, at *2 (W.D.N.Y. Mar. 30, 2016) (appointing counsel where counsel had been appointed previously because plaintiff was legally blind, defense counsel agreed that appointment of counsel would streamline the litigation, and visual aids were unavailable to the plaintiff) (citing *Medina v. Napoli*, 554 F. Appx. 65, 66 (2d Cir. 2014)); *Pennewell v. Parish*, 923 F.3d 486, 490-91 (7th Cir. 2019) (remanding with instructions to appoint counsel and holding that the district court abused its discretion in denying a motion to appoint legally blind plaintiff counsel where it failed to give the request "particularized consideration," and the underlying facts demonstrated that the case involved complicated medical and legal issues spanning over two years at two separate facilities).

[3] In accordance with *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others, only available by electronic database, accompanies this Order and shall be simultaneously delivered to the *pro se* Plaintiff.