**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SAMUEL J. SMOLEN JR.,

|  |  |
|---|---|
| Plaintiff, | Case No. 7:17-cv-07494-PMH |
| v. | **SECOND AMENDED PROPOSED** **JOINT JURY INSTRUCTION** |

MICHAEL CAPRA, MARK ROYCE,
SHANIKQUA HARRISON, SHERRY
IZQUERDO,

                    Defendants,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Local Rules of this Court, the parties submit herewith their requests to the Court to give the following instructions to the jury, in addition to such other generally applicable instructions that the Court may give. Pursuant to Federal Rule of Civil Procedure 51(a)(2)(A), the parties reserve their respective rights to file supplemental jury instructions after the close of evidence.

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

A.      **Preliminary Instruction No. 1: Introduction**

Members of the jury, now that you have been sworn in as our jury, we are about to begin the trial of the case you heard about during the jury selection.  Before the trial begins, I am going to give you instructions that will help you understand your duties as jurors and how you should conduct yourself during trial.

During the trial you will hear me use a few terms that you may not have heard before.  Let me briefly explain some of the most common to you.  The party who brings a lawsuit is called the plaintiff.  In this action, the plaintiff is Mr. Samuel J. Smolen.  The party being sued is called the

1

defendant.  The defendants in this trial are Superintendent Michael Capra, Former Superintendent Mark Royce, Offender Rehabilitation Counselor Shanikqua Harrison, and Offender Rehabilitation Counselor Sherry Izquerdo.

Over the course of this trial, you will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court." When I say, "admitted into evidence" or "received into evidence," I have ruled that this particular statement or the particular exhibit may be considered by you in making decisions you must make at the end of the case.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time to time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible.  You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  When I "sustain" an objection, I am excluding that evidence from this trial.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inference or conclusions from the question. You should not infer or conclude from any ruling or other comment that I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

During the course of the trial I may ask a question of the witness.  If I do, that does not indicate that I have any opinion about the facts in the case.

The lawyers are not allowed to speak with you outside the courtroom during the case.  If you see the lawyers at a recess or pass them in the hallway and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers outside of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but I ask that you keep in mind the importance of the matter you are here to determine and ask that you will be patient even though the case may seem to go slowly.

<u>Authority</u>: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions ("Fed. Jury Prac. & Instr."), § 101:01, 30, 31, 49 (6th ed.); 4 Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, Modern Federal Jury Instructions-Civil ("Modern Fed. Jury Instr.-Civil"); Model Civ. Jury Instr. 3rd Cir. 1.1-1.12 (2017) (adapted).

**B.      Preliminary Instruction No. 2: Order of Trial**

The first step in the trial will be the opening statements.  In Plaintiff's opening statement, Mr. Smolen's counsel will tell you about the evidence that Mr. Smolen intends to put before you, so that you will have a preview of what his case is going to be.  It is important that you remember that the opening statement is not evidence or argument.  Its purpose is only to help you understand what the evidence will be and what Mr. Smolen will try to prove.

After Plaintiff's opening statement, counsel for Defendants will make an opening statement.  Similarly, it is important for you to keep in mind that this opening statement is not evidence.  At this point in the trial, neither side has offered any evidence.

After both sides have made their opening statements, Mr. Smolen will call his first witness or otherwise offer evidence that he says will support his claim against the Defendants.  Defendants' counsel will have an opportunity to cross examine Mr. Smolen's witnesses.  After Mr. Smolen has had a chance to show you his evidence, Defendants may present evidence on their behalf.  Plaintiff's counsel will then have an opportunity to cross examine Defendants' witnesses.

After you have heard all the evidence on both sides, counsel for Mr. Smolen and counsel for Defendants will each be given time for their closing arguments.  Closing arguments are not evidence either.  In their closing arguments, the lawyers for Mr. Smolen and Defendants will attempt to summarize their cases and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decision.

Authority: Fed. Jury Prac. & Instr. § 101:02-03 (adapted).

4

**C.**      **Preliminary Instruction No. 3: Province of Judge and Jury**

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial.

As members of the jury, you are the sole and exclusive judges of the facts of the case.  You pass upon the evidence, determine the credibility of the witnesses, and resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight that each piece of evidence should receive.

I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.  I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  In particular, you will decide whether Mr. Smolen has proven, by a preponderance of the evidence, that Defendants violated the law.  You must base that decision only on the evidence in the case and my instructions about the law.

<u>Authority</u>: Fed. Jury Prac. & Instr. § 101:10 (adapted); Modern Federal Jury Instr.-Civil § 71.01, Inst. 71-3 (adapted).

### D.     Preliminary Instruction No. 4: Jury Conduct

To ensure fairness to the parties in this action, you must obey the following rules:  Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.  Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until after you have reached your verdict.  If someone should try to talk to you about the case before then, please report it to me immediately.

During the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  Do not do any research, such as checking dictionaries or searching the Internet, or make any investigation about the case, the parties, the witnesses, or the attorneys on your own.

Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.  If you need to tell me something, simply give a signed note to the Courtroom Deputy to give to me.  To reiterate, during the course of the trial you will receive all the evidence you properly may consider to decide the case.  You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.

I expect you will inform me if you become aware of another juror's violation of these instructions.  The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

<u>Authority</u>: Fed. Jury Prac. & Instr. § 101:11-13 (adapted).

E.        **Preliminary Instruction No. 5: Evidence in this Case**

The evidence in the case consists of the following: the sworn testimony of the witnesses, no matter who called the witness; all exhibits received in evidence, regardless of who may have produced the exhibits; and all facts that may have been judicially noticed, admitted by the parties or stipulated to between the parties, and that you must take as true for purposes of this case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that a certain fact is true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have

8

been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

<u>Authority</u>: Fed. Jury Prac. & Instr. § 101:40 (adapted).

## INSTRUCTIONS AFTER TRIAL

**I.      GENERAL INSTRUCTIONS**

Members of the jury, we have almost reached that point where you will begin your final function as jurors, which, as I hope you all appreciate, is one of the most important duties of citizenship in this country.

My instructions will be in four parts. First, I will start with some general introductory instructions about the role of the Court and the Jury, and the burden of proof. Second, I will give you instructions concerning the evaluation of evidence. Third, I will describe the law to be applied to the facts as you find them to be established by the evidence. The fourth and final section of these instructions will relate to your deliberations.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention. I ask you to give me that same careful attention as I instruct you on the law.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

A.        **Role of the Court and the Jury**

It is my duty to instruct you as to the law, and it is your duty to accept these instructions of law and apply them to the facts as you determine them. If an attorney stated a legal principle different from any that I state to you in my instructions, it is my instructions you must follow. You should not single out any instruction as alone starting the law, but you should consider my instructions as a whole when you retire to deliberate. You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.

You, the members of the Jury, are the sole and exclusive judges of the facts. You pass on the evidence, determine the credibility of witnesses, resolve such conflicts as there may be in the testimony, draw whatever reasonable inferences you decide to draw from the facts as you determine them, and determine the weight of the evidence. In doing so, remember that you took an oath to render judgment impartially and fairly, without prejudice or sympathy or fear, based solely on the evidence and the applicable law.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

### B.    Burden of Proof

Plaintiff has the burden to prove each and every element of his due process claims by a preponderance of the evidence.

What does a "preponderance of the evidence" mean?   To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have introduced them. The "credible" evidence means the testimony or exhibits that you find to be worthy of belief.

If, after considering all of the evidence, you are satisfied that Plaintiff has carried his burden on each element of his claim, then you must find in his favor. If, after such consideration, you find that the evidence produced by Plaintiff is outweighed by the evidence against his claim, or that the credible evidence on a given issue is evenly divided between Plaintiff and a Defendant, then you must decide that issue against Plaintiff. That is because Plaintiff must prove more than simple equality of evidence- he must prove elements of the claim by a preponderance of the evidence. On the other hand, Plaintiff need not prove more than a preponderance. So long as you find that the scales tip, however slightly, in favor of Plaintiff- that what he claims is more likely true than not- then that issue will have been prove by a preponderance of evidence.

There are four Defendants in this case.  Mr. Smolen must satisfy his burden as to each Defendant.  If, for example, you find that Mr. Smolen satisfied his burden as to one Defendant,

but not as to other Defendants, then you must find in favor of Mr. Smolen only against the first

Defendant, but you may not find in favor of Mr. Smolen with respect to the other Defendants.

You may have heard of proof beyond a reasonable doubt, which is the proper standard of

proof only in a criminal trial. That requirement does not apply to a civil case such as this and you

should put it out of your mind.

<u>Authority</u>:  Taken from the charge given in <u>Fabricio v. Miller</u>, 16 Civ. 08731 (PMH) (S.D.N.Y.);
<u>Stanbro v. Palou</u>, 20 Civ. 1591 (KMK) (S.D.N.Y.); Modern Federal Jury Instr. Civil § 73.01,
Inst. 73-2 (adapted); <u>Stanbro v. Palou</u>, 20 Civ. 1591 (KMK) (S.D.N.Y.); <u>Brandon v. Royce</u>, 16
Civ. 5552 (VB)(S.D.N.Y) (available to produce upon request); <u>H'shaka v. O'Gorman</u>, 17 Civ.
108. Dkt No. 123 (N.D.N.Y.) (GTS/ATB).

## II.    EVALUATION OF EVIDENCE

### A.    What Is and Is Not Evidence

You are to consider only the evidence in the case. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations to which the parties have agreed.

A stipulation is simply an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you. The stipulations are the same for your purposes as the presentation of live testimony. You should consider the weight to be given such evidence just as you would any other evidence.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the Court. To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen. Testimony or exhibits that I have excluded or stricken or told you to disregard are not evidence and may not be considered by you in rendering your verdict. Similarly, with respect to any evidence that I directed you to consider for a limited purpose during the trial, you should consider such evidence only as I have directed you.

You are not to consider as evidence the questions asked by the parties' lawyers. It is the witnesses' answers that are evidence, not the questions. Arguments by the attorneys are not evidence, because the attorneys are not witnesses. What they have said to you in their opening statements and their summations is intended to help you understand the evidence to reach your

verdict. If, however, your recollections of the evidence differs from the statements made by the lawyers in their opening statements or summations, it is your recollection that controls.

Further, any statements or rulings that I may have made do not constitute evidence. Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to what the facts are or what the verdicts should be. The rulings I have made during the trial are not any indication of my views. Also, you should not draw any inference from the fact that I may on occasion have asked certain questions to witnesses. Those questions are intended only to clarify or expedite and are not indication of my view of the evidence. In short, if anything I have said or done seemed to you to indicate an opinion relating to any matter you need to consider, you must disregard it.

You may be surprised at this, but a Federal trial Judge, unlike the Judge in the State court, has the power to comment on the evidence and give you the Judge's estimate. I have a perfect right to say, with regard to a witness: "I wouldn't believe him on a stack of bibles reaching from the floor to the ceiling."

On the other hand, I have a perfect right to say: "Such and such witness spoke the gospel truth."

All the law says I have to add is: "Remember, I am not the fact-finder. You may adopt or disregard my estimate."

I have never done it in either a civil or a criminal case. That's your function. I don't want anybody entering into the orbit of your powers as ministers of justice, and I would resent it and cut it off as I would anybody who interferes with my function as a the judge of the law.

The reason I don't comment on evidence is that I believe that if I emphasize how I feel in that regard I would automatically convert at least one and, if I am impressive on the occasion, many more of the jurors, who would then say: "The Judge spoke well and I adopt what he said."

I don't want that. I want the thinking, the voice, the attitude, the approach, and the estimate of each and every one of the ministers of justice who have to determine this case.

So since I have a perfect right to comment on the evidence if I chose to do it, and I will not do it, I do not want you, and I forbid you from reading into the tone of my voice or the emphasis I put on one proposition or another of law as to how I feel about the facts. If I wanted to tell you, I would tell you outright, because I have the power under the law to do exactly that.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

**B.      Direct and Circumstantial Evidence**

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is a witness' testimony about something he or she knows by virtue of his or her own senses- something the witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Here is a simple example of circumstantial evidence:

Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds are drawn and you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Somebody else then walks in with a raincoat that is also dripping wet.

You cannot look outside the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

This is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from an established fact the existence or the nonexistence of some of some other fact. Some facts, such as a person's state of mind, can only rarely be proven by direct evidence. Circumstantial evidence is of no less value than direct evidence. The law makes no distinction between the two, but simply requires that you, the Jury, decide the facts in accordance with all the evidence, both direct and circumstantial.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

### C.      Inferences

I have used the term "infer," and the lawyers in their arguments have asked you to draw inferences. When you draw an inference, you conclude, from one or more established facts, that another fact exists, and you do so on the basis of your reason, experience, and common sense. The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation. An inference is a reasoned, logical deduction or conclusion that you, the Jury, may draw- but are not required to draw- from the facts which have been established by either direct or circumstantial evidence. In considering inferences, you should use your common sense and draw from the facts that you find to be proven whatever reasonable inferences you find to be justified in light of your experience.

<u>Authority</u>:  Taken from the charge given in <u>Fabricio v. Miller</u>, 16 Civ. 08731 (PMH) (S.D.N.Y.).

### D.        Credibility of Witnesses

Now for the important subject of evaluating testimony. How do you evaluate the credibility or believability of the witnesses? The answer is that you use your plain common sense. There is no magic formula by which you can evaluate testimony.

You should use the same tests for truthfulness that you would use in determining matters of importance in your everyday lives. You should ask yourselves: Did the witness impress you as honest, open, and candid, or was the witness evasive and edgy as if hiding something? How did the witness appear- that is, the witness' bearing, behavior, manner, and appearance while testifying? How responsive was the witness to the questions asked on direct examination and on cross-examination? You should consider the opportunity the witness had to see, hear, and know about the things about which the witness testified; the accuracy of the witness' memory; the witness's candor or lack of candor; the witness' intelligence; the reasonableness and probability of the witness' testimony; its consistency or lack of consistency with other credible evidence; and its corroboration or lack of corroboration by other credible evidence.

In short, in deciding credibility, you should size up the witness in light of the witness' demeanor, the explanations given, and all of the other evidence in the case. Always remember to use your common sense, good judgment, and life experience.

Few people recall every detail of every event precisely the same way. A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential.

If you find that witness intentionally testified falsely, that is always a matter of importance you should weigh carefully. If you find that any witness has willfully testified falsely to any

material fact- that is, as to an important matter- the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unbelievable. You may accept so much of the witness' testimony as you deem true and disregard what you feel is false.

By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

<u>Authority</u>:  Taken from the charge given in <u>Fabricio v. Miller</u>, 16 Civ. 08731 (PMH) (S.D.N.Y.).

### E.        Impeachment of Witnesses

You have heard evidence that at some earlier time a witness has said or done something that counsel suggested was inconsistent with the witness' trial testimony.

If that prior inconsistent statement was sworn testimony – such as deposition testimony- it can be considered as evidence. Likewise, if the prior inconsistent statement was that of a party, it can be considered as evidence against that party. Otherwise, evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who made the contradictory statement. If you find that the witness made an earlier statement that conflicts with the witness' trial testimony, you may consider that fact in deciding how much of the witness' trial testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining the credibility of the witness.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

**F.      Impeachment by Felony Conviction**

You have heard the testimony of Mr. Smolen, who was previously convicted of a felony.

This prior conviction was put into evidence only for you to consider it in evaluating Mr. Smolen's

character for truthfulness. You may not consider this evidence for any other purpose.

<u>Authority</u>:  Taken from the charge given in <u>Fabricio v. Miller</u>, 16 Civ. 08731 (PMH) (S.D.N.Y).

### G.     Bias of Witnesses

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating or not cooperating with a particular party. If you find any such bias, hostility, affection, interest, or motive, you must then consider whether or not it affected or colored the witness' testimony.

You should also take into account any evidence that a witness may benefit or suffer in some way form the outcome of the case. Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances the witness' own interests. Therefore, if you find that witness has an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of the witness' testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' bias or interest has affected the witness' testimony. You are not required to disbelieve an interested witness; you may accept as much of the witness' testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

23

### H.       Rulings on Evidence and Objections

 It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not admissible. Counsel also have the right and duty to ask the Court to make rulings of law. All those questions of law must be decided by me. You should not show any prejudice against an attorney, or his client, because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. If, however, I sustained an objection to any evidence, or if I ordered evidence stricken or disregarded, that evidence must be entirely ignored.

You should also draw no inference against an attorney or his client if I admonished or reprimanded the attorney. The attorneys have a duty to zealously represent their clients, and they have done so conscientiously in this case. It is irrelevant whether you like an attorney or believe I like an attorney. The issue before you is not which attorney is more likable or the better attorney, but rather whether or not the relevant party has met its burden of proof.

 Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

**I.      Deposition Testimony (if applicable)**

Some of the testimony before you is in the form of depositions that have been received into

evidence.  A deposition is simply a procedure where, prior to trial, the attorneys for one side may

question a witness or an adversary party under oath before a court stenographer.  You may consider

the testimony of a witness given at a deposition according to the same standards you would use to

evaluate the testimony of a witness given at trial.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 74.07, Inst. 74-14 (adapted); <u>In re Air Crash Disaster</u>
<u>at John F. Kennedy Int'l Airport on June 24, 1975</u>, 635 F.2d 67, 73 (2d Cir. 1980).

## III.    SUBSTANTIVE INSTRUCTIONS

I will now discuss the second part of these instructions: the principles of law that you must apply to the facts as you determine them.

Mr. Smolen's claims are brought under the Civil Rights Act of 1871, which is also known as Section 1983 of Title 42 of the United States Code.  This is a federal civil rights law that provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

In this case, Mr. Smolen alleges that the defendants deprived him of certain rights protected by the U.S. Constitution - specifically his rights to due process under the Fourteenth Amendment. The individual defendants deny violating his rights to due process under the Fourteenth Amendment.  You must consider the claims against each individual defendant separately.

The defendants are represented by the same counsel.  You should, however, consider the evidence against each defendant separately and ask with respect to each defendant whether the plaintiff has proven the elements of his claim against the individual defendant you are considering. Each Defendant is entitled to a fair consideration of the credible evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against another Defendant.

I will now proceed to explain the elements of Mr. Smolen's claims.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.) (adapted); Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-65 (adapted); 42 U.S.C. § 1983; Hudson v. McMillian, 503 U.S. 1 (1992); Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999); Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).

A.     **Elements of a Section 1983 Claim**

To establish his claims under Section 1983, Mr. Smolen must establish, by a preponderance of the evidence, the following three elements:

First, that the acts complained of were committed by the Defendants acting under color of state law;

Second, that in committing these actions, the Defendants deprived Mr. Smolen of a right protected by the Constitution of the United States; and

Third, that the Defendants' acts were the proximate cause of the injuries sustained by Mr. Smolen.

I will explain each of these elements to you.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.); Stanbro v. Palou, 20 Civ. 1591 (KMK) (S.D.N.Y.); Brandon v. Royce, 16 Civ. 5552 (VB)(S.D.N.Y) (available to produce upon request); H'shaka v. O'Gorman, 17 Civ. 108. Dkt No. 123 (N.D.N.Y.) (GTS/ATB).

**B.      First Element: "Under Color of State Law"**

As to the first element, a state employee who is acting in his or her official capacity is acting under color of state law.  Here, it is undisputed that, during the time period of the alleged incident, each of the individual Defendants was employed by the State of New York and was acting in his official capacity as an employee of the State of New York.  Therefore, I instruct you that the first element of the plaintiff's Section 1983 claims has been met.

Authority:  Taken from the charge given in <u>Fabricio v. Miller</u>, 16 Civ. 08731 (PMH) (S.D.N.Y.); Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-70 (adapted).

**C.      Second Element:  Deprivation of Constitutional Right**

The second element of each of Plaintiff's Section 1983 claims is that one or more of the

Defendants, in committing the acts complained of, intentionally or recklessly deprived Plaintiff

of a federal right.

An act is intentional if it is done voluntarily and deliberately and not because of mistake,

accident, negligence, or other innocent reason.  Please note that, like anything else, intent can be

proven directly or it can be proven by reasonable inference from circumstantial evidence.

An act is reckless if done in conscious disregard of its known probable consequences.

In other words, even if a defendant did not intentionally seek to deprive a plaintiff of his rights, if

he or she nevertheless purposely disregarded the high probability that his or her actions would

deprive Plaintiff of his rights, then this aspect of the second element would be satisfied.

A defendant's failure to comply with a state law or state regulation does not in and of

itself mean that the defendant deprived the Plaintiff of a federal right; instead, federal

constitutional standards define the federal right, and I will explain what those standards are

momentarily.

Authority: Taken from the charges given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.)
and in Stanbro v. Palou, 20 Civ. 1591 (KMK) (S.D.N.Y.)

- **Section 1983 Claims of a Violation of Plaintiff's Procedural Due Process Rights Under the Fourteenth Amendment**

Mr. Smolen claims that the defendants violated his due process rights under the Fourteenth

Amendment of the U.S. Constitution in two ways. First, he alleges that he was denied due process

because Defendant Shaniqua Harrison denied him the opportunity to call his witnesses to testify

at the initial Involuntary Protective Custody hearing. Second, he alleges that he was denied due

process because he was placed in Involuntary Protective Custody for approximately 3 years and 8

months without meaningful periodic monthly reviews of his placement by Defendants Capra, Royce, and Izquierdo. I will address these alleged constitutional violations separately later.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects persons from the deprivation of life, liberty, or property without due process of law, that is notice and an opportunity to be heard. Thus, to show a deprivation under the Due Process Clause, Plaintiff must demonstrate two elements: (1) that Defendants deprived him of a cognizable interest in life, liberty, or property, and (2) that Defendants did so without affording him constitutionally sufficient process.

### 1. Cognizable Liberty Interest[1]

- **<u>Plaintiff's Proposed Instruction:</u>**

With regard to the first prong of the test, to establish the existence of a protected liberty interest, Plaintiff must show that his incarceration in Involuntary Protective Custody constituted an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Administrative segregation, like Involuntary Protective Custody, can impose an atypical and significant hardship on inmates.  In determining whether Plaintiff has met his burden, you must consider both the conditions of the confinement and the duration of the confinement.  For example, confinement under normal segregated housing unit conditions for 305 days or more is considered to be a sufficient departure from the ordinary incidents of prison life to be an atypical and significant hardship.

---

[1] Depending on the evidence presented at trial, Plaintiff reserves the right to argue that the existence of a protected liberty interest is an issue of law to be decided by the Court under *Sealey v. Giltne*r, 197 F.3d 578, 585 (2d Cir. 1999), which provides that "the *Sandin* standard of 'atypical and significant hardship' is an issue of law, but if the facts concerning the conditions or the duration of confinement are reasonably in dispute, the jury (where one is claimed) must resolve those disputes and then apply the law of atypicality, as instructed by the Court."

If you find that Plaintiff established the existence of a protected liberty interest, you can move onto the second prong of the test and determine whether Plaintiff was afforded with constitutionally sufficient process.

Plaintiff's Authority: Wright v. Coughlin, 132 F.3d 133, 136 (2d Cir. 1998); Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000); Taylor v. Rodriguez, 238 F.3d 188, 195 (2d Cir. 2001); Palmer v. Richards, 364 F.3d 60, 64 (2d Cir. 2004); Arce v. Walker, 139 F.3d 329, 335 (2d Cir. 1998).

**Defendants' Objections to Plaintiff's Proposed Instruction**:

Plaintiff's reference to "305 days" will confuse and mislead the jurors. This instruction is especially inappropriate here because it is equivalent to instructing the jurors that being placed in Involuntary Protective Custody for 305 days or more automatically establish cognizable liberty interest prong of the due process claim without any consideration for other relevant factors such as conditions of placement in Involuntary Protective Custody. Further, Plaintiff's proposed instruction omits another factor that the courts have considered in determining what constitutes an atypical and significant hardship in relation to the ordinary incidents of life in jail. Whether Plaintiff's placement in Involuntary Protective Custody furthered a legitimate penological interest such as safety and welfare of Plaintiff should be a factor the jury should be instructed to consider in determining liberty interest. See McKune v. Lile, 536 U.S. 24, 25 (2002); Carroll v. Callanan, No. 05 Civ. 1427, 2007 WL 965435, at *4 (N.D.N.Y. March 30, 2007); Walter v. Fischer, No. 08 Civ. 908, 2009 WL 3165841, at *5 (N.D.N.Y. Sept. 28, 2009).

- **Defendants' Proposed Instructions:**

With regard to the first prong of the test, to establish the existence of a protected liberty interest, Plaintiff must show that his incarceration in Involuntary Protective Custody constituted an atypical and significant hardship on him in relation to the ordinary incidents of life in jail. In determining whether Plaintiff has met his burden, you may consider the following factors:

(1)   Whether Plaintiff's placement in Involuntary Protective Custody related to and furthered a legitimate penological interest, such as safety or rehabilitation;

(2)   Whether the conditions of Plaintiff's placement were extreme;

(3)   Whether the placement increased the duration of Plaintiff's confinement; and

(4)   Whether the placement was indeterminate.

Keep in mind that these are just factors for you to consider. No one fact is determinative of the issue of whether Plaintiff had a protected liberty interest, and you may still find that Plaintiff has met his burden even if one or more of these factors is not found. As you consider these factors, be mindful of the primary management role of DOCCS staff, whose decisions should not be second-guessed at trial.

If you find that Plaintiff established the existence of a protected liberty interest, you can move onto the second prong of the test and determine whether Plaintiff was afforded with constitutionally sufficient process.

Defendants' Authority: Taken from the charge given in Slevin v. Board of Commissioners for the County of Dona Ana, No. 08 Civ. 1185, Dkt. No. 93 (D.N.M Jan. 24, 2012); McKune v. Lile, 536 U.S. 24, 25 (2002); Carroll v. Callanan, No. 05 Civ. 1427, 2007 WL 965435, at *4 (N.D.N.Y. March 30, 2007); Walter v. Fischer, No. 08 Civ. 908, 2009 WL 3165841, at *5 (N.D.N.Y. Sept. 28, 2009).

**Plaintiff's Objections to Defendants' Proposed Instruction:** Plaintiff objects to Defendants' proposed instruction, which is taken from the instructions in a District of New Mexico case, because it is not consistent with Second Circuit law.  For example, Defendants' four-factor test is not supported by Second Circuit law.  In addition, Defendants' proposed instruction fails to direct the jury to "consider both the conditions and duration of the confinement … as compared to the 'deprivation typically endured by other prisoners in the ordinary course or prison administration,'" as required by Second Circuit law.  Wright v. Coughlin, 225 F.3d 647 (2d Cir. 2000).

Defendants' proposed instruction also incorrectly directs the jury to consider any alleged "legitimate penological interest" in placing Plaintiff in IPC in determining whether he was deprived of a cognizable liberty interest.  The purported penological interest in a plaintiff's confinement is not a relevant factor recognized by the Second Circuit.  Defendants' authority is inapposite and does not support the inclusion of this instruction.  For example, Defendants primarily rely on McKune v. Lile, 536 U.S. 24 (2002), which involved a claim regarding a sexual abuse treatment program under the Fifth Amendment's Self-Incrimination Clause.  See also Carroll v. Callanan, No. 05 Civ. 1427, 2007 WL 965435, at *4 (N.D.N.Y. March 30, 2007) (citing McKune in evaluating claim regarding participation in substance abuse treatment program); Walter v. Fischer, No. 08 Civ. 908, 2009 WL 3165841, at *5 (N.D.N.Y. Sept. 28, 2009) (same).

## 2. Constitutionally Sufficient Process

### a) Involuntary Protective Custody Hearing

- **Plaintiff's Proposed Instruction:**

With regard to Plaintiff's initial Involuntary Protective Custody hearing, an incarcerated individual is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition including the evidence relied upon and the reasons for the disciplinary actions taken.  Here, Plaintiff alleges that Defendant Harrison refused to call any of the inmate or staff witnesses he requested.  Inmates are allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.  For example, prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence.  The right to call witnesses can also be denied on the basis of irrelevance or lack of necessity.

If you find that Plaintiff's request to call a witness was denied without a legitimate justification, you must then decide whether the denial was harmless error, in the sense that the error did not affect the outcome of the hearing.  In other word, Defendant Harrison contends that her alleged failure to permit certain witnesses to testify had no effect on the hearing's outcome. Defendant Harrison bears the burden of proving this harmless error defense by a preponderance of the evidence.

Plaintiff's Authority: Sira v. Morton, 380 F.3d 57, 70 (2d Cir. 2004); Smolen v. Nevins, No. 17 Civ. 7494, 2019 WL 339637, at *3 (S.D.N.Y. Jan. 28, 2019); Wolff v. McDonnell, 418 U.S. 539, 566 (1974); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30–31 (2d Cir. 1991); Elder v. McCarthy, 967 F.3d 113, 124 (2d Cir. 2020); Powell v. Coughlin, 953 F.2d 744, 750 (2d Cir. 1991); Chapman

v. California, 386 U.S. 18, 24 (1967); Brown v. Venettozi, No. 18-CV-2628 (KMK), 2021 WL 323264, at *7 (S.D.N.Y. Feb. 1, 2021).

**Defendants' Objections to Plaintiff's Proposed Instruction**:

It is Plaintiff's burden to show that he was prejudiced by the error. "To establish a procedural due process claim in connection with a prison disciplinary hearing, an inmate must show that he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing." See Bullock v. Reckenwald, No. 15 Civ. 5255, 2016 WL 5793974, at * 8 (S.D.N.Y. Aug. 24, 2016) (report and recommendation adopted entirely) (Bullock v. Reckenwald, No. 15 Civ 5255, 2016 WL 5719786 (S.D.N.Y. Sept. 30, 2016) ("petitioner failed to demonstrate how being able to call Lt. Kostecki as a witness…would have many any difference in DHO Banks' adjudication…").

Both Judge Karas and Judge Seibel (S.D.N.Y) have specifically ruled that an incarcerated individual who was denied a witness at a prison disciplinary hearing must show that he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing. See Chavez v. Gutwein, No. 20 Civ. 342, 2021 WL 4248917, at * 11 (KMK) ( S.D.N.Y. Sept. 17, 2021)("In such a scenario, "[a]ny violations' of an inmate's qualified right to call witnesses or present documents are reviewed for harmless error… and thus, "an inmate must show that he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing"); see also Jackson v. Prack, 16 Civ. 7561, 2019 WL 6119010, at *7 (CS) (S.D.N.Y. Nov. 18, 2019)("[A]n inmate must show that he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing").

Contrary to Plaintiff Counsel's argument, District Courts in this Circuit are not divided on this issue. In the case cited by Plaintiff Counsel, Brown v. Venettozi, 18 Civ. 2628, 2021 WL 323264, at *7 (KMK) (S.D.N.Y. Jan. 31, 2021), while denying the defendant's motion to dismiss plaintiff's due process claim, Judge Karas merely noted that the record contains no basis to conclude that the exclusion was harmless error and also noted that "the Court does not at this stage hold him [plaintiff] to an exacting standard of alleging the prejudice caused by this denial…" Thus, Judge Karas, at no time, held that harmless error was an affirmative defense, but just noted that at the pleading stages, the plaintiff need not establish that the exclusion of witness/papers was prejudicial and impacted the outcome of the hearing.

- **Defendants' Proposed Instructions:**

An incarcerated individual is "entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition including the evidence relied upon and the reasons for the disciplinary actions taken."* Here, Plaintiff alleges a single defect in his IPC hearing, namely that Defendant Harrison refused to call any of the inmate or staff witnesses

he requested. "[I]nmates are entitled to a reasonable opportunity to call witnesses. This right is qualified, however, as "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence."** This right "can be denied on the basis of irrelevance or lack of necessity."

Moreover, I instruct you that Defendant Shaniqua Harrison cannot be held liable unless Plaintiff proves, he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing.  In other word, Defendant Harrison's alleged failure to call certain witnesses must be more than harmless error, as the absence of their testimony would have had no effect on the hearing's outcome.

Thus, to find for Plaintiff you must find that:

1) Defendant Harrison denied Plaintiff witnesses;

2) Defendant Harrison did not have a reasonable explanation for denying these witnesses; and

3) Had these witnesses testified, they would have had an impact on the hearing's outcome.

If Plaintiff has proven all three elements, then you must find for Plaintiff. If Plaintiff, however, has not proven all three elements, then you must find for Defendant Harrison.

Defendants' Authority: Chavez v. Gutwein, No. 20 Civ. 342, 2021 WL 4248917, at *9,11 (S.D.N.Y. Sept. 17, 2021); Sira v. Morton, 380 F.3d 57, 70 (2d Cir. 2004); Rivera v. Wohlrab, 232 F. Supp. 2d 117, 125 (S.D.N.Y. 2002); Bullock v. Reckenwald, No. 15 Civ. 5255, 2016 WL 5793974, at * 8 (S.D.N.Y. Aug. 24, 2016); Jackson v. Prack, 16 Civ. 7561, 2019 WL 6119010, at *7 (CS) (S.D.N.Y. Nov. 18, 2019); Smolen v. Nevins, No. 17 Civ. 7494, 2019 WL 339637, at *3 (S.D.N.Y. Jan. 28, 2019); Powell v. Coughlin, 953 F.2d 744, 750 (2d Cir. 1991); William v. Chuttery, No. 15 Civ. 1278, 2017 WL 9673722, at *7 (N.D.N.Y. Sept. 5, 2018) (report and recommendation adopted, 2018 WL 1413049 (N.D.N.Y. Mar. 21, 2018), aff'd 767 F. App'x 105

(2d Cir. 2019); Hamilton v. Fischer, No. 12 Civ. 6449, 2013 WL 3784153, at *10 (W.D.N.Y. July 18, 2013).

**Plaintiff's Objections to Defendants' Proposed Instruction**: Plaintiff objects to Defendants' proposed instruction on two grounds.

*First*, Defendants' instruction misstates the burden of proof with respect to their harmless error defense.  The Second Circuit first applied the harmless error rule to due process claims involving the denial of a witness in Powell v. Coughlin, 953 F.2d 744, 750 (2d Cir. 1991).  In adopting the harmless error rule, Powell relied on two Supreme Court cases, both of which make clear that the burden to prove harmlessness is on the government (i.e., the party that benefited from the error).  Arizona v. Fulminante, 499 U.S. 279, 296 (1991); Chapman v. California, 386 U.S. 18, 24 (1967).  As the Supreme Court explained in Chapman, "constitutional error … casts on someone other than the person prejudiced by it a burden to show that it was harmless.  It is for that reason that the original common-law harmless-error rule put the burden on the beneficiary of the error either to prove that there was no injury or to suffer a reversal of his erroneously obtained judgment."  Chapman, 386 U.S. at 24.  Likewise, to prove harmless error in the context of habeas review, "[t]he burden of persuasion is on the government," i.e., the party that benefited from the error.  Lainfiesta v. Artuz, 253 F.3d 151, 158 (2d Cir. 2001).  Indeed, the Second Circuit has explained that as a general matter, a harmless error analysis should place the burden of proof on the government (i.e., the party that benefited from the error).  United States v. Lee, 833 F.3d 56, 71 (2d Cir. 2016).  Accordingly, while district courts are divided on this issue, requiring Defendant Harrison—as the beneficiary of the error—to prove harmless error as an affirmative defense is better supported by Supreme Court and Second Circuit precedent.  See Brown v. Venettozi, No. 18-CV-2628 (KMK), 2021 WL 323264, at *7 (S.D.N.Y. Feb. 1, 2021) (treating harmless error as an affirmative defensive that must be proved by the defendant).

*Second*, Defendants' instruction improperly omits the Supreme Court's key holding in Wolff v. McDonnell, 418 U.S. 539, 566 (1974): An inmate "should be allowed to call witnesses and present documentary evidence in his defense [at a hearing] when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  See also Ponte v. Real, 471 U.S. 491, 495 (1985) (restating and reaffirming this holding).  This language is part of the operative test for determining whether a request for witnesses can be properly denied.  See, e.g., Edwards v. Gutwein, No. 21-CV-03183 (PMH), 2022 WL 1093558, at *6 (S.D.N.Y. Apr. 7, 2022); Jackson v. Polizzi, No. 20-CV-03105 (PMH), 2021 WL 5909979, at *6 (S.D.N.Y. Dec. 13, 2021); Arriaga v. Otaiza, No. 20-CV-06992 (PMH), 2021 WL 5449849, at *7 (S.D.N.Y. Nov. 19, 2021).  Accordingly, this language should be included in the instruction.

**b) Continued Placement in Involuntary Protective Custody**

In order to determine whether Plaintiff was afforded constitutionally sufficient process during his continued placement in Involuntary Protective Custody, you must determine whether Defendants conducted periodic and meaningful reviews of Plaintiff's Involuntary Protective Custody status.   To determine whether any reviews of Plaintiff's Involuntary Protective custody status were meaningful, you must consider the following three factors:

(1)     First, Defendants, as the officials who reviewed Plaintiff's Involuntary Protective Custody status, must have actually evaluated if Plaintiff's continued placement in Involuntary Protective Custody was justified. Defendants must have done more than simply "go through the motions" of conducting a review, but rather must have formulated a decision based on what the evidence showed.  A review in which Defendants have a pre-ordained conclusion in mind that will not change no matter what evidence is before them is insufficient to provide meaningful review.

(2)     Second,  Defendants, as the officials who reviewed Plaintiff's Involuntary Protective Custody status, must have evaluated if the justification for the confinement in Involuntary Protective Custody existed at the time of the review, or would exist in the future, and whether they considered new relevant evidence as it became available. The reviews must take into account prison conditions and inmate behavior as those change over time. Defendants are required to have assessed whether Plaintiff remained a security risk as of the date of each review. However, keep in mind that this requirement to assess changing conditions and behavior over time does not bar Defendants from affording significant weight to events that occurred in the past, and does not require that Defendants find recent events to be categorically more important to the review than past events. This is not to say that prison officials are barred from according significant weight to events that occurred in

the past. They are to look to the incarcerated individual's present and future behavior and consider new events to some degree to ensure that prison officials do not use past events along to justify indefinite confinement.

(3)     Third and finally, Defendants, as the officials who reviewed Plaintiff's Involuntary Protective Custody status, must maintain institutional safety and security (or another valid administrative justification) as their guiding principle for their decision to keep Plaintiff in Involuntary Protective Custody. In other words, you should consider whether the evidence before you shows that Defendants' decisions to keep Plaintiff in Involuntary Protective Custody was guided by the purpose of maintaining safety and security (or another valid purpose) rather than the improper purpose of imposing an indefinite punishment for past occurrences.

Importantly, when considering whether the reviews were meaningful, you are not to review the substance of Defendants' decision to continue to place Plaintiff in Involuntary Protective Custody, but rather you must evaluate whether Defendants' *method* for coming to their determination to continue to place Plaintiff in Involuntary Protective Custody was sufficient. In other words, you are not determining whether Defendants' determinations to keep Plaintiff in Involuntary Protective Custody were correct, but rather whether Defendants provided the appropriate process and consideration when making those determinations.

Authority: Taken from the charge given in H'Shaka v. O'Gorman, No. 17 Civ. 0108, Dkt. No. 148 (N.D.N.Y. Sept. 20, 2021); Proctor v. LeClaire, 846 F.3d 597, 609 (2d Cir. 2017).

### D.       Third Element:  Proximate Cause

The third element that Plaintiff must prove in connection with his Section 1983 claim is that the Defendants' acts were a proximate cause of the injuries sustained by Plaintiff.

An act is a proximate cause if it was a substantial factor in bringing about the injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.  If an injury was a reasonably foreseeable consequence, or a direct result, of one of the Defendant's acts, the injury was proximately caused by such act.

A proximate cause need not be the nearest cause, either in time or space.  A proximate cause also need not be the sole cause of an injury.  Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury. Proximate cause exists as long as the defendant's conduct was a substantial factor in bringing about the plaintiff's injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

Furthermore, in order to prove a claim under § 1983, a plaintiff must prove that each individual defendant, through his own actions, has violated the Constitution. The mere fact that a defendant possesses supervisory authority is insufficient to demonstrate liability under § 1983. The plaintiff must establish fault and causation on the part of the defendant to satisfy the requirements of § 1983.

Authority:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-79 (adapted); Aetna Ins. Co. v. Boon, 95 U.S. 117, 130 (1877); Tangreti v. Bachman, 983 F.3d 609, 612 (2d Cir. 2020); Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 15 (2d Cir. 2000); Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 161–62 (S.D.N.Y. 2009).

### E.     Damages

#### 1.     Introductory Remarks

If you find that Mr. Smolen has proven any of his claims by a preponderance of evidence, then Mr. Smolen is entitled to recover money—also known as damages—from the liable Defendants.

I will now give you instructions regarding computing the amount of damages in this case. You should not interpret the fact that I am giving you instructions on damages as an indication of what I believe the verdict should be. Rather, I am instructing you on damages so that you will have guidance in the event that you decide that any Defendant is liable and that Mr. Smolen is entitled to recover money from one or more Defendants.

In computing damages, you may not engage in speculation or guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision. A plaintiff must prove damages only with as much definiteness and accuracy as the circumstances permit.

There are three types of damages that you may consider: (1) compensatory damages; (2) nominal damages; and (3) punitive damages. I will discuss each in turn.

Authority: Modern Federal Jury Instr.-Civil § 77.01, Inst. 77-1 cmt. (adapted); Fed. Jury Prac. & Instr. § 165.70 (adapted); Sir Speedy, Inc. v. L&P Graphics, Inc., 957 F.2d 1033, 1038 (2d Cir. 1992).

2.        **Compensatory Damages**

If you return a verdict in favor of Mr. Smolen, you must first award him such sum of money as you believe will fairly and justly compensate him for any injury that you believe he sustained as a result of Defendants' violation of his rights.   These are known as "compensatory" damages. Compensatory damages seek to make the plaintiff whole—that is, to compensate him for the damage suffered.

Compensatory damages can include damages for physical injury, any economic injury sustained by Mr. Smolen, as well as any suffering, pain, inconvenience, and other non-monetary losses that Mr. Smolen proves were proximately caused by the Defendants' actions.

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress – past, present and future – that you determine to be reasonable compensation in the light of all the evidence in this case.   There is no requirement that evidence of the monetary value of such intangible things, such as injury, pain, or suffering, be introduced into evidence. There is no exact standard for figuring the compensation to be awarded for these types of damages, and no expert testimony need be introduced.   Any award that you make should be fair in light of the evidence presented at trial.

Compensatory damages must not be based on speculation and sympathy, however.   They must be based on the evidence presented at trial, and only that evidence.   Therefore, to recover damages for physical injury, Mr. Smolen must present credible testimony with respect to his injuries.   The purpose of compensatory damages is not to punish a defendant.

Medical treatment is not a precondition to recovery.   Physical injury may be proved by Mr. Smolen's own testimony, corroborated by reference to the circumstances of the Defendants' alleged conduct.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

Finally, let me caution you against awarding a double recovery.  I have said to you that, if you return a verdict for Mr. Smolen, you must award him such sum of money as you believe will fairly and justly compensate him for any damage or injury you believe he sustained as a result of Defendants' conduct.  In this case, Mr. Smolen brings multiple claims against multiple defendants. You must remember that, in calculating the damages, Mr. Smolen is entitled to be compensated only once for the damages he actually suffered. Thus, you must be careful in determining the proper measure of damages that you do not award double compensation for a single injury, even if multiple defendants were responsible for the violation. In addition, if you find the defendants liable on more than one claim, and you find that more than one claim produced the same injury, you must be careful in determining the proper measure of damages that you do not award double compensation for the same injury.

Authority:  Modern Federal Jury Instr.-Civil §§ 77.01 & 87-03, Insts. 77-3, 87-79, 87-87 & 87-91 (adapted); Fed. Jury Prac. & Instr. §§ 165.50 & 165.73 (adapted); Aetna Ins. Co. v. Boon, 95 U.S. 117, 130 (1877); Patrolman's Benevolent Ass'n of City of New York v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002); Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 15 (2d Cir. 2000); Guzman v. Jay, 303 F.R.D. 186, 197 (S.D.N.Y. 2014); Frank Sloup & Crabs Unlimited, LLC v. Loeffler, 745 F. Supp. 2d 115, 143 (E.D.N.Y. 2010); Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 161–62 (S.D.N.Y. 2009).

3.    **Nominal Damages**

If you find, after considering all the evidence presented, that one or more Defendants violated Mr. Smolen's rights, but that Mr. Smolen suffered no injury as a result of this violation, you may award Mr. Smolen "nominal damages."  "Nominal damages" are awarded as recognition that a plaintiff's rights have been violated.  You would award nominal damages if you conclude that the only injury that Mr. Smolen suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to Mr. Smolen; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages must be a token sum, not to exceed $1.

Authority:  Modern Federal Jury Instr.-Civil § 77.01, Inst. 77-6 (adapted); Robinson v. Cattaraugus Cnty., 147 F.3d 153, 162 (2d Cir. 1998).

### 4.      Punitive Damages

If you award Mr. Smolen compensatory or nominal damages, you may also, in your discretion, make an award of punitive damages.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others from committing such conduct in the future.

You may award Mr. Smolen punitive damages if you find that the acts or omissions of an individual Defendant were done maliciously and wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person.  An act or failure to act is wanton if it is done with a reckless or callous disregard for the rights of the injured person.  Mr. Smolen has the burden of proving, by a preponderance of the evidence, that an individual Defendant or Defendants acted maliciously or wantonly with regard to Mr. Smolen's rights.

If you find by a preponderance of the evidence that one or more Defendants acted with malicious intent to violate Mr. Smolen's constitutional rights or unlawfully injure him, or if you find that one or more Defendants acted with callous disregard of Mr. Smolen's rights, then you may award punitive damages against those Defendants.  An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether the Defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should

also consider whether actual damages, standing alone, are likely to deter or prevent those Defendants from similar wrongful conduct in the future (if the conduct was, in fact, wrongful), or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that the Defendants may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which the Defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the Defendants or persons like them from committing wrongful acts in the future.

Authority:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-92 (adapted); Tolbert v. Queens Coll., 242 F.3d 58, 77 (2d Cir. 2001); Vasbinder v. Scott, 976 F.2d 118, 121 (2d Cir. 1992); Adejei v. Hoder, 935 F. Supp. 2d 557, 571 (E.D.N.Y. 2013); Pappas v. New Haven Police Dep't, 278 F. Supp. 2d 296, 312–13 (D. Conn. 2003).

## IV.    DELIBERATIONS

### A.    Duty to Deliberate – Unanimous Verdict

In a few minutes you will go into the jury room to begin your deliberations. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you mut decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors. Your verdict, and the answers to each question on the verdict form, must be unanimous. Discuss and weight your respective opinions dispassionately, without regard to sympathy, without prejudice or favor toward any party, and adopt that conclusion which in your good conscience appears to be in accordance with the evidence.

 As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room, and no one juror should control or monopolize the deliberations. You should all listen to one another with courtesy and respect. If, after stating our own  view, and if after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs concerning the weight or effect of the evidence solely because of the opinions of your fellow jurors or because you are outnumbered or for the mere purpose of returning a verdict. Your final vote must reflect your conscientious belief as to how the issues should be decided.  Your verdict must be unanimous.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

**B.**     **All Jurors Required For Deliberation**

You are not to discuss the case until all jurors are present. Five, six, or seven jurors together is only a gathering of individuals. Only when all eight jurors are present do you constitute a jury, and only then may you deliberate.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

### C.      Duties of Foreperson

Your first task when you retire to deliberate is to vote on one of you to sit as you foreperson. The foreperson does not have any more power or authority than any other juror, and the foreperson's vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. The foreperson will send out any notes for the Court, and when the Jury has reached a verdict, the foreperson will sign the verdict sheet, notify Mr. Cangelosi, and give the  verdict in open court.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

### D.      Right to See Exhibits and Hear Testimony: Communications with Court

The exhibits will be loaded onto the computer in the jury room and a binder containing hard copies of the documents will be provided to you. If you want any of the testimony read back to you, that can be arranged. Bear in mind that it is not always easy for the court reporter to locate the particular testimony that you might want, so be as specific as you possibly can as to what witness and what portion of that witness' testimony you would like to hear.

Any communication with the Court should be in writing, signed by your foreperson, and given to Mr. Cangelosi, who will be here in the courtroom while you deliberate. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.

If at any time you are not in agreement, you are not to reveal the standing of the jurors- that is, the split of the vote- to anyone, including me, at any time during your deliberations. So do not ever indicate, in a note or otherwise, what the vote is or which way the majority is leaning or anything like that. Nobody outside the jury should know how the jury stands on any issue until a unanimous verdict is reached.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

**E.        Juror Note-Taking**

If you took notes during the court of the trial, you should not show your notes to – or discuss your notes with- any other juror during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If you have any doubt as to any testimony, you may request that the testimony be read back to you as I mentioned a moment ago.

<u>Authority</u>:  Taken from the charge given in <u>Fabricio v. Miller</u>, 16 Civ. 08731 (PMH) (S.D.N.Y.).

F.        **Sympathy or Bias**

Under your oath as jurors you are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. You are to be guided solely by the evidence, or the lack of evidence, in this case.

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, sex, sexual orientation, disability, or age, of any party or witness, or any other such irrelevant factor. It would be equally improper for you to consider any sympathy you might feel for any individual in a lawsuit. All parties are entitled to the same fair trial at your hands. They stand equal before the law and are to be dealt with as equals in this Court.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).

G.      Verdict Form

This case will be decided on the basis of the answers that you give to certain written questions that will be submitted to you. When you retire to deliberate, the foreperson will receive a verdict form on which to record your verdict. Each of the questions asked calls for a "Yes" or "No" answer or some numerical figure. You will see that it has various questions for you to answer in the order they appear. Follow the instructions on the verdict form regarding which questions you need to answer. When the foreperson has completed the verdict form, the foreperson must sign it, and the form will be marked as a Court Exhibit.

<u>Authority</u>:  Taken from the charge given in <u>Fabricio v. Miller</u>, 16 Civ. 08731 (PMH) (S.D.N.Y.).

### H.      No Internet

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer ,or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, You Tube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers- and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

<u>Authority</u>:  Taken from the charge given in <u>Fabricio v. Miller</u>, 16 Civ. 08731 (PMH) (S.D.N.Y.).

## I.   Closing Comments

The most important part of this case, members of the Jury, is the part that you as jurors are about to play as you deliberate on the issue of fact. It is for your, and you alone, to decide whether Plaintiff has proven the elements of his claims against Defendants by a preponderance of the evidence. I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath you promised that you would well and truly try the issues in this case and render a true verdict according to the law and the evidence. Your function is to weight the evidence in the case and reach your decisions based solely on the evidence. Your duty is to decide the issues before you fairly and impartially, and to see that justice is done. I must now spend a moment with counsel and the reporter at the side bar. I will ask you to remain the jury box, without speaking and I will be right back.

Authority:  Taken from the charge given in Fabricio v. Miller, 16 Civ. 08731 (PMH) (S.D.N.Y.).


Dated:  August 26, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ Katherine P. Onyshko | LETITIA JAMES |
| Katherine P. Onyshko | Attorney General |
| Jordan S. Joachim | State of New York |
| Covington & Burling LLP | By: |
| The New York Times Building | /s/ Amanda Yoon |
| 620 Eighth Avenue | Amanda Yoon |
| New York, NY 10018-1405 | John Doran |
| (Tele.) 212 841 1000 | Assistant Attorneys General |
| (Fax) 212-841-1010 | 28 Liberty Street |
| konyshko@cov.com | New York, NY 10005 |
| jjoachim@cov.com | Tel.:  212-416-8606/8591 |
| | Amanda.Yoon@ag.ny.gov |
| | John.Doran@ag.ny.gov |
| *Attorneys for Plaintiff* | |
| | *Attorneys for Defendants* |

\* Electronic signature used with permission pursuant to SDNY ECF Rule 8.5(b).